3

**RECEIVED**
6-12-2008
JUN 1 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Angela Marie Smith )
)
_____ )
)
(Name of the plaintiff or plaintiffs) )
)
v. )
)
Board of Education of )
the City of Chicago )
)
_____ )
(Name of the defendant or defendants) )

**08CV3405**
**JUDGE ZAGEL**
**MAG. JUDGE NOLAN**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Angela Marie Smith_ of the county of _Cook_ in the state of _Illinois_.

3. The defendant is _Board of Education City of Chicago_ whose street address is _125 So. Clark Street_
(city) _Chicago_ (county) _Cook_ (state) _Illinois_ (ZIP) _60684_
(Defendant's telephone number) _773_ - _553-1000_

4. The plaintiff sought employment or was employed by the defendant at (street address)
_125 South Clark Street_ (city) _Chicago_
(county) _Cook_ (state) _IL_ (ZIP code) _60102 4_

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) *November*, (day) *1*, (year) *2005*.

7.1    *(Choose paragraph 7.1 or 7.2, do not complete both.)*

        (a) The defendant is not a federal governmental agency, and the plaintiff *[check one box]* ☐ *has not* ☐ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)    ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii)    ☒ the Illinois Department of Human Rights, on or about (month) *December* (day) *20* (year) *2005*.    *2006 CF 1500 amended on March 28, 2006*

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ **YES.** ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

        ☐    Yes (month)_____ (day)_____ (year) _____

        ☐    No, did not file Complaint of Employment Discrimination

2.    The plaintiff received a Final Agency Decision on (month)_____ (day) _____ (year) _____.

c.    Attached is a copy of the

    a.    Complaint of Employment Discrimination,

        ☐ YES    ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

        ☐ YES    ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☒ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

    (a) ☐ Age (Age Discrimination Employment Act).

    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.    The defendant *[check only those that apply]*

    (a) ☐ failed to hire the plaintiff.

    (b) ☒ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐    failed to stop harassment;

(g) ☐    retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

The defendents violated plaintiff constitional rights to Due Process under the 14th Amendment. The plaintiff had a "legitmate claim of property right" to her position as an Assistant Principal. Also, the defendents did not follow their own guide lines, rules and procedures. The plaintiff was terminated no reason was given. The defendents did not follow the proper suspension procedures

*Conflicting evidence was presented it was the Board's responsibility to weigh the witness and resolve any conflicts*

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☒    Direct the defendant to re-employ the plaintiff.

(c) ☐    Direct the defendant to promote the plaintiff.

(d) ☐    Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐    Direct the defendant to (specify): _____

_____

_____

_____

_____

_____

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Angela Marie Smith_

(Plaintiff's name)

_Angela Marie Smith_

(Plaintiff's street address)

_527 N. Hamlin_

(City) _Chicago_    (State) _IL_    (ZIP) _60624_

(Plaintiff's telephone number) _773_ - _826 - 9138_

Date: _06/12/2008_

STATE OF ILLINOIS
HUMAN RIGHTS COMMISSION

IN THE MATTER OF:                    )
                                     )
ANGELA MARIE SMITH,                  )
                   Complainant,      )
                                     )        CHARGE NO.: 2006CF1500
and                                  )        EEOC NO.: 21BA60620
                                     )
BOARD OF EDUCATION OF THE            )
CITY OF CHICAGO,                     )
                   Respondent.       )

## COMPLAINT OF CIVIL RIGHTS VIOLATION

In accordance with the provisions of the Illinois Human Rights Act ("Act"), 775 ILCS

5/1-101 et seq., and pursuant to the authority vested in it by the Act, the ILLINOIS

DEPARTMENT OF HUMAN RIGHTS ("Department") hereby issues and files its Complaint

in this cause as follows:

### COUNT I

PARAGRAPH ONE: That Complainant, Angela Marie Smith, filed Charge No.

2006CF1500 with the Department on December 20, 2005, amended March 28, 2006, against

Board of Education of the City of Chicago, alleging on her own behalf to have been aggrieved

by practices prohibited by Sections 2-101(A) and 6-101(A) of the Act.  On January 11, 2007,

the Department dismissed Complainant's charge for Lack of Substantial Evidence.  On March

2, 2007, Complainant filed a timely Request for Review.  On September 10, 2007, the

Department's Chief Legal Counsel Designee entered an order vacating and remanding the

dismissal of Count A to the Department's Charge Processing Division for further investigation.

As to Counts B and C, the Department's Chief Legal Counsel Designee sustained the

Department's dismissal of those counts for Lack of Substantial Evidence.

PARAGRAPH TWO: As to Counts D, E, F, G, H, I and J, the Department's Chief Legal Counsel Designee vacated the Department's finding of Lack of Substantial Evidence and entered a finding of Substantial Evidence as to those counts. The 365-day period for investigation was tolled from January 11, 2007, through September 10, 2007, pursuant to section 7-101.1 (D) of the Act. Pursuant to Section 7(A)-102(G)(1) of the Act, the parties agreed to extend the 365-day time limit on July 19, 2006, by 90 days, and on September 21, 2006, by 90 days, totaling 180 days. Therefore, the instant complaint is timely filed;

PARAGRAPH THREE: That at the time of the incidents alleged herein, Respondent, Board of Education of the City of Chicago, was an "Employer" within the meaning of Section 2-101(B)(l)(a) and was subject to the provisions of the Act;

PARAGRAPH FOUR: That in or about March 1994, Respondent hired Complainant as a Full-time Substitute Teacher and at the time of the incidents alleged herein Complainant was performing the duties of Assistant Principal;

PARAGRAPH FIVE: That throughout her employment with Respondent, Complainant performed her duties in a manner consistent with Respondent's standards;

PARAGRAPGH SIX: That on or about April 25, 2005, Complainant filed a previous charge of discrimination with the Department against Respondent;

PARAGRAPH SEVEN: That on November 2, 2005, Respondent transferred Complainant to Respondent's Area Three Regional Office;

PARAGRAPH EIGHT: That Respondent's transfer of Complainant followed Complainant's protected activity within such a period of time as to raise an inference of retaliatory motivation;

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 3

PARAGRAPH NINE: That Respondent denies that it transferred Complainant in retaliation for her filing of a previous charge of discrimination with the Department;

PARAGRAPH TEN: That Respondent's stated reason for transferring Complainant is that it transferred Complainant pursuant to Respondent's Employee Discipline and Due Process and Drug and Alcohol Free Workplace Policies for reporting to work under the influence of alcohol on November 1, 2005;

PARAGRAPH ELEVEN: That Complainant denies that she reported to work under the influence of alcohol on November 1, 2005;

PARAGRAPH TWELVE: That Respondent's stated reason for transferring Complainant may be pretext for unlawful discrimination in that Respondent did not produce evidence to show that Complainant reported to work under the influence of alcohol;

PARAGRAPH THIRTEEN: That the resolution of this matter depends on witness testimony which is conflicting and, therefore, must be resolved by a trier of fact;

PARAGRAPH FOURTEEN That Respondent transferred Complainant in retaliation for her filing of a previous charge of discrimination with the Department, in violation of Section 6-101(A) of the Act;

## COUNT II

PARAGRAPHS ONE THROUGH SIX: Complainant restates and realleges PARAGRAPHS ONE through SIX of COUNT I as though fully set forth herein as PARAGRAPHS ONE through SIX of COUNT II;

<u>Angela Marie Smith and Board of Education of the City of Chicago</u>
IDHR #2006CF1500
Page 4

PARAGRAPH SEVEN: That on or about November 22, 2005, Respondent placed Complainant on indefinite unpaid suspension in retaliation for her filing of a previous charge of discrimination with the Department against Respondent;

PARAGRAPH EIGHT: That Respondent's indefinite suspension of Complainant followed Complainant's protected activity within such a period of time as to raise an inference of retaliatory motivation;

PARAGRAPH NINE: That Respondent denies that it indefinitely suspended Complainant in retaliation for her filing of a previous charge with the Department;

PARAGRAPH TEN: That Respondent's stated reason for indefinitely suspending Complainant is that Complainant was placed on unpaid suspension effective November 22, 2005, pending the outcome of her dismissal hearing for violating Respondent's Employee Discipline and Due Process and Drug and Alcohol Free Workplace Policies for reporting to work under the influence of alcohol on November 1, 2005;

PARAGRAPH ELEVEN: That Complainant denies that she reported to work under the influence of alcohol on November 1, 2005;

PARAGRAPH TWELVE: That Respondent's stated reason for transferring Complainant may be pretext for unlawful discrimination in that Respondent did not produce evidence to show that Complainant reported to work under the influence of alcohol;

PARAGRAPH THIRTEEN: That the resolution of this matter depends on witness testimony which is conflicting and, therefore, must be resolved by a trier of fact;

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 5

PARAGRAPH FOURTEEN: That Respondent indefinitely suspended Complainant in retaliation for her filing of a previous charge of discrimination with the Department, in violation of Section 6-101(A) of the Act;

## COUNT III

PARAGRAPHS ONE THROUGH FIVE: Complainant restates and realleges PARAGRAPHS ONE through FIVE of COUNT I as though fully set forth herein as PARAGRAPHS ONE through FIVE of COUNT III;

PARAGRAPH SIX: That Complainant's sex is female;

PARAGRAPH SEVEN: That on or about November 22, 2005, Respondent placed Complainant on indefinite unpaid suspension because of her sex;

PARAGRAPH EIGHT: That Respondent denies that it indefinitely suspended Complainant because of her sex;

PARAGRAPH NINE: That Respondent's stated reason for indefinitely suspending Complainant is that Complainant was placed on unpaid suspension effective November 22, 2005, pending the outcome of her dismissal hearing for violating Respondent's Employee Discipline and Due Process and Drug and Alcohol Free Workplace Policies for reporting to work under the influence of alcohol on November 1, 2005;

PARAGRAPH TEN: That Complainant denies that she reported to work under the influence of alcohol on November 1, 2005;

PARAGRAPH ELEVEN: That Respondent's stated reason for indefinitely suspending Complainant may be pretext for unlawful discrimination in that Respondent did not produce evidence to show that Complainant reported to work under the influence of alcohol;

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 6

PARAGRAPH TWELVE: That the resolution of this matter depends on witness testimony which is conflicting and, therefore, must be resolved by a trier of fact;

PARAGRAPH THIRTEEN: That Respondent indefinitely suspended Complainant because of her sex, female, in violation of Section 2-101(A) of the Act;

## COUNT IV

PARAGRAPHS ONE THROUGH SIX: Complainant restates and realleges PARAGRAPHS ONE through SIX of COUNT III as though fully set forth herein as PARAGRAPHS ONE through SIX of COUNT IV;

PARAGRAPH SEVEN: That from November 17, 2005, through March 24, 2006, Respondent subjected Complainant to unequal terms and conditions of her employment because of her sex in that Respondent placed Complainant on indefinite suspension;

PARAGRAPH EIGHT: That Respondent denies that it subjected Complainant to unequal terms and conditions of employment because of her sex;

PARAGRAPH NINE: That Respondent''s stated reason for indefinitely suspending Complainant is that Complainant was placed on unpaid suspension effective November 22, 2005, pending the outcome of her dismissal hearing for violating Respondent's Employee Discipline and Due Process and Drug and Alcohol Free Workplace Policies for reporting to work under the influence of alcohol on November 1, 2005;

PARAGRAPH TEN: That Complainant denies that she reported to work under the influence of alcohol on November 1, 2005;

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 7

PARAGRAPH ELEVEN: That Respondent's stated reason for indefinitely suspending Complainant may be pretext for unlawful discrimination in that Respondent did not produce evidence to show that Complainant reported to work under the influence of alcohol;

PARAGRAPH TWELVE: That the resolution of this matter depends on witness testimony which is conflicting and, therefore, must be resolved by a trier of fact;

PARAGRAPH THIRTEEN: That Respondent subjected Complainant to unequal terms and conditions of employment because of her sex, female, in violation of Section 2-101(A) of the Act;

COUNT V

PARAGRAPHS ONE THROUGH SIX: Complainant restates and realleges PARAGRAPHS ONE through COUNT of COUNT I as though fully set forth herein as PARAGRAPHS ONE through SIX of COUNT V;

PARAGRAPH SEVEN: That from November 17, 2005, through March 24, 2006, Respondent subjected her to unequal terms and conditions of her employment in retaliation for her filing of a previous charge of discrimination with the Department against Respondent;

PARAGRAPH EIGHT: That Respondent's indefinite suspension of Complainant followed Complainant's protected activity within such a period of time as to raise an inference of retaliatory motivation;

PARAGRAPH NINE: That Respondent denies that it subjected Complainant to unequal terms and conditions of employment in retaliation for he filing of a previous charge of discrimination with the Department against Respondent;

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 8

PARAGRAPH TEN: That Respondent's stated reason for indefinitely suspending Complainant is that Complainant was placed on unpaid suspension effective November 22, 2005, pending the outcome of her dismissal hearing for violating Respondent's Employee Discipline and Due Process and Drug and Alcohol Free Workplace Policies for reporting to work under the influence of alcohol on November 1, 2005;

PARAGRAPH ELEVEN: That Complainant denies that she reported to work under the influence of alcohol on November 1, 2005;

PARAGRAPH TWELVE: That Respondent's stated reason for indefinitely suspending Complainant may be pretext for unlawful discrimination in that Respondent did not produce evidence to show that Complainant reported to work under the influence of alcohol;

PARAGRAPH THIRTEEN: That the resolution of this matter depends on witness testimony which is conflicting and, therefore, must be resolved by a trier of fact;

PARAGRAPH FOURTEEN: That Respondent subjected Complainant to unequal terms and conditions of employment in retaliation for her filing of a previous charge of discrimination with the Department against Respondent, in violation of Section 6-101(A) of the Act;

COUNT VI

PARAGRAPHS ONE THROUGH SIX: Complainant restates and realleges PARAGRAPHS ONE through SIX of COUNT III as though fully set forth herein as PARAGRAPHS ONE through SIX of COUNT VI;

PARAGRAPH SEVEN: That on March 24, 2006, Respondent discharged Complainant because of her sex;

<u>Angela Marie Smith and Board of Education of the City of Chicago</u>
IDHR #2006CF1500
Page 9

PARAGRAPH EIGHT: That Respondent denies that it discharged Complainant because of her sex;

PARAGRAPH NINE: That Respondent's stated reason for discharging Complainant is that Complainant was placed on unpaid suspension effective November 22, 2005, pending the outcome of her dismissal hearing for violating Respondent's Employee Discipline and Due Process and Drug and Alcohol Free Workplace Policies for reporting to work under the influence of alcohol on November 1, 2005;

PARAGRAPH TEN: That Respondent further states that the decision to discharge Complainant was a result of a recommendation after a full review of the evidence and transcripts of Complainant's dismissal hearing on February 3, 2006.

PARAGRAPH ELEVEN: That Complainant denies that she reported to work under the influence of alcohol on November 1, 2005;

PARAGRAPH TWELVE: That Respondent's stated reason for discharging Complainant may be pretext for unlawful discrimination in that Respondent did not produce evidence to show that Complainant reported to work under the influence of alcohol;

PARAGRAPH THIRTEEN: That the resolution of this matter depends on witness testimony which is conflicting and, therefore, must be resolved by a trier of fact;

PARAGRAPH FOURTEEN: That Respondent discharged Complainant because of her sex, female, in violation of Section 2-101(A) of the Act;

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 10

## COUNT VII

PARAGRAPHS ONE THROUGH SIX: Complainant restates and realleges PARAGRAPHS ONE through COUNT of COUNT I as though fully set forth herein as PARAGRAPHS ONE through SIX of COUNT VII;

PARAGRAPH SEVEN: That on March 24, 2006, Respondent discharged Complainant in retaliation for her filing of a previous charge of discrimination with the Department against Respondent;

PARAGRAPH EIGHT: That Respondent's discharge of Complainant followed Complainant's protected activity within such a period of time as to raise an inference of retaliatory motivation;

PARAGRAPH NINE: That Respondent denies that it discharged Complainant in retaliation for he filing of a previous charge of discrimination with the Department against Respondent;

PARAGRAPH TEN: That Respondent's stated reason for discharging Complainant is that Complainant was placed on unpaid suspension effective November 22, 2005, pending the outcome of her dismissal hearing for violating Respondent's Employee Discipline and Due Process and Drug and Alcohol Free Workplace Policies for reporting to work under the influence of alcohol on November 1, 2005;

PARAGRAPH ELEVEN: That Respondent further states that the decision to discharge Complainant was a result of a recommendation after a full review of the evidence and transcripts of Complainant's dismissal hearing on February 3, 2006.

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 11

PARAGRAPH TWELVE: That Complainant denies that she reported to work under the influence of alcohol on November 1, 2005;

PARAGRAPH THIRTEEN: That Respondent's stated reason for discharging Complainant may be pretext for unlawful discrimination in that Respondent did not produce evidence to show that Complainant reported to work under the influence of alcohol;

PARAGRAPH FOURTEEN:  That the resolution of this matter depends on witness testimony which is conflicting and, therefore, must be resolved by a trier of fact;

PARAGRAPH FIFTEEN: That Respondent discharged Complainant in retaliation for her filing of a previous charge of discrimination with the Department against Respondent, in violation of Section 6-101(A) of the Act;

WHEREFORE, an ORDER is requested providing the following relief:

(a) That Respondent pay to Complainant a sum equal to any loss of wages she may have suffered as a result of the civil rights violation committed against her by Respondent;

(b) That Complainant be made whole as to all benefits and seniority status that would have accrued to her but for the civil rights violations committed against her by Respondent;

(c) That Respondent pay to Complainant reasonable attorney's fees and costs incurred as a result of the civil rights violation alleged herein;

(e) That Respondent clear from Complainant's personnel records all references to the filing of this charge, and the subsequent disposition thereof;

(f) That Respondent cease and desist from discriminating on the basis of retaliation and sex in its employment practices;

(g) That any and all public contracts with the State of Illinois held by Respondent shall terminate immediately;

(h) That Respondent shall be barred from holding any public contract for a period up to, but not to exceed, three years;

Angela Marie Smith and Board of Education of the City of Chicago
IDHR #2006CF1500
Page 12

(i) That a penalty up to, but not to exceed, the profit earned by Respondent as a direct result of this civil rights violation shall be paid to the State Treasurer;

(j) That Respondent be referred to the Department's Human Rights Training Institute to participate in such training as is necessary to prevent future civil rights violations; and

(k) That such further relief be granted as may be necessary to make Complainant whole.

ISSUED AND FILED THIS  25th  DAY OF ___September___, 2007.

DEPARTMENT OF HUMAN RIGHTS
ROCCO J. CLAPS, DIRECTOR

BY: _____
Oral R. Bennett
Staff Attorney

Oral R. Bennett
Department of Human Rights
100 W. Randolph St., Suite 10-100
Chicago, Illinois 60601
(312) 814-6273

STATE OF ILLINOIS      )
                       ) SS          CHARGE NO.: 2006CF1500
COUNTY OF COOK         )


Oral R. Bennett, being duly sworn on oath, states that he is a Staff Attorney for the

ILLINOIS DEPARTMENT OF HUMAN RIGHTS; that he is familiar with the facts relating to

the above-captioned charge; that he has read the foregoing Complaint; and that on information

and belief, he believes the facts alleged therein are true and correct.


BY: _____
                    Oral R. Bennett
                    Staff Attorney


Oral R. Bennett
Department of Human Rights
100 W. Randolph St., Suite 10-100
Chicago, IL 60601
(312) 814-6273


SUBSCRIBED and SWORN to before me
THIS _____ DAY of _____ 2007.

_____
        NOTARY PUBLIC


OFFICIAL SEAL
YOLANDA G GODWIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/21/11

NOTICE
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

SECOND DIVISION
FILED: August 14, 2007

No. 1-07-0211

IN THE APPELLATE COURT OF THE STATE OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ANGELA SMITH, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | |
| | ) | No.  06 CH 8046 |
| THE BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, ARNE DUNCAN, | ) | |
| and THOMAS KRIEGER, | ) | HONORABLE |
| | ) | WILLIAM O. MAKI, |
| Defendants-Appellees. | ) | JUDGE PRESIDING. |

ORDER

The plaintiff, Angela Smith, appeals from an order of the
Circuit Court of Cook County which affirmed a decision of the Board
of Education of the City of Chicago (Board) to terminate her
employment as an assistant principal.  For the reasons which
follow, we affirm.

The Board suspended the plaintiff from her employment and
instituted dismissal proceedings against her, charging her with:
(1) reporting to work under the influence of alcohol or drugs; (2)
violating the Chicago Public Schools' drug and alcohol testing
policy; (3) drinking, using, or possessing alcoholic beverages or
illegal drugs while at work; (4) behavior that grossly disrupted

1-07-0211

the orderly education process; (5) manufacturing, distributing, possessing, consuming, or using alcohol or illegal drugs on Board property; and (6) conduct unbecoming an employee of the Chicago Public Schools. The following factual recitation is taken from the evidence presented at the plaintiff's discharge hearing.

The plaintiff was a tenured teacher and had been employed by the Board since 1993. In March 2004, she became an assistant principal at the Nash Elementary School. On November 1, 2005, the plaintiff attended a seminar at the Ella Flagg Young Elementary School.

Crystal Bell, the principal of the Ella Flagg Young Elementary School, testified that sometime after 9 a.m. on November 1, 2005, she was informed by one of her clerks that an unknown individual was wandering back and forth in the school's lobby. When Bell went to the lobby, she observed the plaintiff, introduced herself, and asked the plaintiff who she was. The two walked back to the school's main office where the plaintiff sat on a bench for a few minutes, closed her eyes, and then got up and went to the seminar. The plaintiff later left the seminar and told Bell that she had lost her purse. Bell and the plaintiff looked around the lobby for the purse. The plaintiff then requested a cab. After the plaintiff left the Ella Flagg Young Elementary School, Bell called

-2-

1-07-0211

the deputy of school instruction and management and the plaintiff's principal, Joan Wilson-Epps, to inform them that the plaintiff seemed erratic and disorientated.

Julia Ortiz, a secretary for the Chicago Public Schools' law department, was taking attendance at the seminar.  She testified that, when the defendant signed-in, her eyes were a little red and her breath smelled like alcohol.   Ortiz also stated that the plaintiff was not walking straight and seemed unsure of her direction.

Joan Wilson-Epps testified that the plaintiff arrived at Nash Elementary School shortly after 1 p.m. on November 1, 2005. Wilson-Epps testified that, when she spoke with the plaintiff, her speech was slurred and incoherent, her eyes where red "in a way," and her breath smelled like alcohol.  Wilson-Epps further testified that the plaintiff's make-up was smeared and her clothes were disheveled.  Wilson-Epps informed the plaintiff that she suspected that the plaintiff was under the influence of alcohol and told the plaintiff that she going to have her tested for drugs and alcohol. At approximately 1:27 p.m., Wilson-Epps faxed a form to authorize a drug and alcohol test to the Employee Health Services.   Wilson-Epps testified that she directed the plaintiff to remain in her office, but the plaintiff left.  At approximately 3 p.m., Wilson-

-3-

1-07-0211

Epps received a letter, via fax, directing the plaintiff to submit to drug and alcohol testing, but she was unable to locate the plaintiff. On cross-examination, Wilson-Epps acknowledged that the time stamp on the fax indicated that she received the letter authorizing the drug and alcohol test at 3:40 p.m.

Bonnie Smith (Bonnie), another assistant principal at Nash Elementary School, testified that she also spoke with the plaintiff on November 1, 2005. Bonnie stated that she smelled alcohol on the plaintiff's breath and that her speech was slurred. Bonnie testified that Wilson-Epps told the plaintiff that she was going to be tested for drugs and alcohol, and asked the plaintiff not to leave her office. The plaintiff did not remain in the office, and, later that day, Bonnie was unable to find her. At the hearing, Bonnie testified that she suspected that the plaintiff was under the influence of alcohol.

The plaintiff testified on her own behalf. The plaintiff stated that she arrived at the Ella Flagg Young Elementary School at approximately 8 a.m. on November 1, 2005. At the end of the seminar, she called a cab. When she returned to Nash Elementary School, Wilson-Epps told her that she suspected that she was under the influence of alcohol. The plaintiff testified that, "[a]fter waiting for [Wilson-Epps] to do whatever she had to do," she got

-4-

1-07-0211

up, left the office, and went about her normal duties. The plaintiff denied that Wilson-Epps told her to remain at the school until a drug and alcohol test was administered. The plaintiff testified that Judith Dillon, a counselor's aid at Nash Elementary School, offered her a ride home, and the two left work together at approximately 4 p.m. The plaintiff denied consuming any alcohol on November 1, 2005, or the night before. She also denied taking any non-prescription medication. The plaintiff also introduced into evidence the notes she had taken that morning at the seminar.

Judith Dillon testified for the plaintiff. She stated that, on November 1, 2005, she gave the plaintiff a ride home from work. She testified that the plaintiff did not appear drunk. Dillon stated that the plaintiff's lipstick was not smeared, she was not stumbling, and her breath did not smell of alcohol.

Lashawnda Weston, the cab driver who drove the plaintiff to Nash Elementary School following the seminar also testified on the plaintiff's behalf. Weston stated that the plaintiff did not slur her words and spoke coherently. She further testified that she did not smell any alcohol and that the plaintiff did not appear drunk.

The plaintiff also sought to introduce evidence of Wilson-Epps' bias against her. Specifically, the plaintiff elicited evidence establishing that Wilson-Epps had previously refused to

-5-

1-07-0211

pay her for four sick days until she provided an original copy of a doctor's note and that Wilson-Epps had refused to allow her to participate in leadership activities that she needed to advance her career.

At the conclusion of the discharge hearing, the hearing officer found that the plaintiff refused to submit to drug and alcohol testing, the plaintiff reported to work under the influence of alcohol or drugs, and the plaintiff's behavior created a gross disruption in the orderly educational process and constituted conduct unbecoming an employee of the Chicago Public Schools. As a consequence, the hearing officer recommended that the plaintiff's employment be terminated. The Board subsequently adopted the hearing officer's findings and dismissed the plaintiff.

The plaintiff filed a petition for judicial review of the Board's decision in the Circuit Court of Cook County. The circuit court affirmed the Board's decision, and this appeal followed.

The plaintiff argues that Board's findings that she was under the influence of alcohol and refused to take a drug and alcohol test are against the manifest weight of the evidence. She maintains that the Board improperly disregarded credible evidence presented on her behalf.

In reviewing the final decision of the Board, its findings and

-6-

1-07-0211

conclusions on questions of fact are considered to be prima facie true and correct.   Raitzik v. Board of Education of the City of Chicago, 356 Ill. App. 3d 813, 823, 826 N.E.2d 568 (2005).   On administrative review, a court may not reweigh the evidence or make an independent determination of the facts.   Raitzik, 356 Ill. App. 3d at 823.   Rather, the court's function is to determine whether the findings of the Board are against the manifest weight of the evidence.   Younge v. Board of Education of the City of Chicago, 338 Ill. App. 3d 522, 530, 788 N.E.2d 1153 (2003).   For a finding of fact to be contrary the manifest weight of the evidence, the opposite conclusion must be clearly apparent.   Younge, 338 Ill. App. 3d at 530.

In this case, conflicting evidence was presented regarding whether the plaintiff was under the influence of alcohol on November 1, 2005. It was the Board's responsibility to weigh the credibility of the witnesses and resolve any conflicts in the evidence.   Younge, 338 Ill. App. 3d at 529-30.   In reaching the conclusion that the plaintiff had reported to work under the influence of alcohol, the hearing officer, whose findings were adopted by the Board, relied upon the testimony of Bell, Oritz, Wilson-Epps, and Bonnie.   Bell described the plaintiff's behavior as erratic and disorientated.   Oritz, Wilson-Epps, and Bonnie

-7-

1-07-0211

testified that the plaintiff's breath smelled like alcohol, her eyes were red, and her speech was slurred. Additionally, both Wilson-Epps and Bonnie believed that the plaintiff was under the influence of alcohol.

Proof of intoxication may be established circumstantially by evidence of erratic behavior or through the opinion testimony of a non-expert witness possessing personal knowledge concerning whether or not an individual was under the influence of alcohol. <u>Lively v. Kostoff</u>, 167 Ill. App. 3d 384, 391, 521 N.E.2d 554 (1988); <u>Bohnen v. Wingereid</u>, 80 Ill. App. 3d 232, 237, 398 N.E.2d 1204 (1979). Consequently, the testimony of Bell, Oritz, Wilson-Epps, and Bonnie was sufficient to support the Board's finding that the plaintiff was under the influence of alcohol on November 1, 2005. Based on this testimony, we cannot say that the Board's conclusion in this regard was against the manifest weight of the evidence.

Likewise, we conclude that the Board's finding that the plaintiff refused to take a drug and alcohol test was not against the manifest weight of the evidence. In this case, Wilson-Epps and Bonnie testified that the plaintiff left the office after being told that a drug and alcohol test was to be administered and neither was able to locate the plaintiff later that day. The plaintiff, however, denied that she was instructed to remain at the

-8-

1-07-0211

school until she was tested for drugs and alcohol. After considering the evidence presented, the Board, in adopting the findings of the hearing officer, concluded that the plaintiff had left the office for the purpose of evading a drug and alcohol test, thereby refusing to submit to a test. As noted above, it was the responsibility of the Board to resolve the conflicts in the evidence. <u>Younge</u>, 338 Ill. App. 3d at 529-30. Based upon our review of the record, we find no valid reason to disturb the Board's determination that the plaintiff refused to take a drug and alcohol test.

Next, the plaintiff argues that her due process rights were violated because she did not receive adequate notice regarding the procedure under which the drug and alcohol test would be administered. The plaintiff, however, never raised this issue before the hearing officer or the Board. Arguments not made before the administrative agency are waived for the purposes of appeal. <u>Texaco-Cities Service Pipeline Co. v. McGaw</u>, 182 Ill. 262, 278, 695 N.E.2d 481 (1998). Consequently, the plaintiff has waived her due process claim.

In her reply brief, the plaintiff also argues that: (1) the evidence presented against her was hearsay, (2) the Board did not follow the proper suspension procedures, and (3) the Board's

-9-

1-07-0211

decision to terminate her was made prior to the discharge hearing. These arguments, however, are not contained in the plaintiff's opening brief. Points not argued in an appellant's opening brief are deemed waived and cannot be raised in the reply brief. 210 Ill. 2d R. 341(h)(7); In re K.T., 361 Ill. App. 3d 187, 206, 836 N.E.2d 769 (2005). Accordingly, the plaintiff has waived review of these issues.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

HOFFMAN, J., with WOLFSON, P.J., and SOUTH, J., concurring.

No. 1-07-02\\

IN THE APPELLATE COURT OF THE STATE OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ANGELA SMITH, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | |
| | ) | No.  06 CH 8046 |
| THE BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, ARNE DUNCAN, | ) | |
| and THOMAS KRIEGER, | ) | HONORABLE |
| | ) | WILLIAM O. MAKI, |
| Defendants-Appellees. | ) | JUDGE PRESIDING. |

ORDER

This cause coming to be heard on the Motion To Strike From The
Reply Brief Materials That Are Irrelevant Or Dehors The Record of the
Defendants-Appellees, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO,
ARNE DUNCAN, and THOMAS KRIEGER, and the Court being fully advised in
the premises:

IT IS HEREBY ORDERED:  that the Motion is DENIED.

ENTER:

_____
JUSTICE

ORDER ENTERED

AUG 0 6 2007

APPELLATE COURT, FIRST DISTRICT

_____
JUSTICE

_____
JUSTICE

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT